B. F. SHEPPERD *v.* LEXINGTON & CARTER COUNTY MINING CO.

**Judicial Sale of Real Estate—Appraiser Purchasing Real Estate Appraised.**

> An irregularity in the mode of appraisement will not affect the rights of a purchaser at sheriff's sale; and the fact that one of the appraisers becomes the purchaser cannot affect such purchase where there is nothing in the record tending to show bad faith in the transaction.

APPEAL FROM CARTER CIRCUIT COURT.

March 7, 1876.

OPINION BY JUDGE LINDSAY:

Shepperd, by his original answer, admits that the lands owned by James McGuire, deceased, lie within the boundaries of the two pat-

3

ents, the one to Graham and the other Grayson. This admission shows title out of the commonwealth. The record does not show how long McGuire held these lands in possession prior to his death, but as his will was probated in 1847, and as his widow and those claiming through her have undoubtedly held and possessed them since that time, their possessory title, and the two conveyances to Shepperd, invested him with a title subject to levy and sale under execution.

The levies under the two executions, as entered by the sheriff in his returns, are not so vague and indefinite as to render them void. They show that the interest of Shepperd in the estate of James McGuire, deceased, was levied on. They show further that said estate consisted of a tract of land lying on the little fork of Little Sandy, and that it (the said land) was then in possession of Shepperd and G. W. Pritchard.

It was not strictly accurate to say that they held as purchasers from John McGuire and Margaret Flaugher, but this inaccuracy does not render the levy void. The irregularities complained of might have been regarded as sufficient to authorize the granting of relief to Shepperd, if he had moved the Fleming Circuit Court to quash the levies and set aside the sales; but as he has chosen to allow the returns of the sheriff to remain undisturbed, and as those returns set out facts from which the land sold can be identified beyond all controversy, by the aid of extrinsic evidence, said irregularities cannot be made available as a defense to this proceeding.

The supposed irregularities in the mode of appraisement, if they exist, do not affect the rights of the purchaser at the sheriff's sale; nor does it matter that one of the appraisers became the purchaser. There is nothing in the record tending to show bad faith in the transaction in this regard.

The transfer of the purchaser's bid to appellee, after notice of Shepperd's intention to resist his right to the land, does not bring the case within the statutes on the subject of champertous sales. Execution debtors and purchasers at the sales of the land of such debtors are, in certain sense, vendors and vendees; and they are excepted out of the operations of the statute. Sec. 7, Chap. 12, Revised Statutes. *Violett v. Violett,* 2 Dana 325.

We see no reversible error in the proceedings of the court below. Its judgment must, therefore, be *affirmed.*

*Elliott Prichard, for appellant.*

*E. B. Wilhoit, E. F. Dulin, for appellee.*